**CROSS COMPANY, Petitioner,**

v.

**NATIONAL LABOR RELATIONS BOARD, Respondent.**

No. 14237.

United States Court of Appeals
Sixth Circuit.
April 15, 1961.

Robert C. Winter, H. William Butler, David P. Wood, Clark, Klein, Brucker & Waples, Detroit, Mich., for petitioner.

Stuart Rothman, General Counsel, Dominick L. Manoli, Associate General Counsel, Marcel Mallet-Prevost, Asst. General Counsel, Melvin Pollack and Hans J. Lehmann, Attorneys, National Labor Relations Board, Washington, D. C., for respondent.

Before SIMONS, Senior Judge, and MARTIN and O'SULLIVAN, Circuit Judges.

PER CURIAM.

On February 2, 1961, we decided in the above cause that a petition of the National Labor Relations Board to enforce its order should be denied and granted other relief to The Cross Company. On March 15, 1961, the Board petitioned for a rehearing, relying upon the decision of the Supreme Court of the United States in National Labor Relations Board v. Celanese Corporation, 81 S.Ct. 689, wherein the Court granted a petition for writ of certiorari followed by an order vacating a judgment of the Seventh Circuit, 279 F.2d 204, and remanding the case for consideration in the light of National Labor Relations Board v. Mattison Machine Works, 365 U.S. 123, 81 S. Ct. 434, 5 L.Ed.2d 455.

The facts in the Celanese and Mattison cases are importantly different from those in the Cross case, supra. We have in Cross not merely "a minor and unconfusing mistake in the employer's corporate name" [365 U.S. 123, 81 S.Ct. 435] and the absence of any contrary showing by the employer nor the not too important dispute in Celanese as to whether employer or the union should be credited for certain fringe benefits, but material

untruths and misrepresentations made by the union, graphically presented, at a time when it was impossible for correction to be made, namely, the morning of the election.

 There was no denial that the misstatements were made, no denial that they were false, and the defense of them as legitimate election propaganda by the bargaining agent at the time they were made establishes their importance as a contributing factor in determining the outcome of the election. In political elections, this is called a "roorback." It is obvious that the purpose of the falsity was to unfairly control the result of the election.

We see nothing to be gained by granting the petition for rehearing and the petition is

Denied.